[Civ. No. 2564.   First Appellate District, Division One.—December 19, 1918.]

A. J. RAISCH, Appellant, v. CHARLES A. WARREN, JR., Administrator, etc., et al., Defendants and Respondents, and A. E. BUCKMAN, Defendant.

ACCOUNTING — FINDING AGAINST PARTNERSHIP.—In this action for an accounting arising out of an alleged partnership, and for a judgment for such amount as might be found due, the evidence justified the finding that no partnership existed between the parties.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   James M. Troutt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Morrison, Dunne & Brobeck and R. L. McWilliams for Appellant.

Thos. B. Dozier, J. E. Pemberton and Thomas B. Dozier, Jr., for Respondents.

STURTEVANT, J., *pro tem.*—This action was brought by the plaintiff against the administrator of the estate of Charles A. Warren, deceased, and his heirs, for the purpose of securing an accounting arising out of an alleged partnership, and a judgment in plaintiff's favor for such amount as might be found due.

Upon the trial of the case, and when objection was made to plaintiff and another witness, Buckman, being allowed to testify in support of their claim, plaintiff's counsel having concluded that it was not within the power of the court to render a money judgment, waived that petition in the prayer, and the action proceeded merely for an accounting.

It was stipulated that if deceased was found to be a partner, the liability for contribution resting on his estate aggregated the sum of $182,792.14.

Judgment was for defendant, and plaintiff appeals.

It is the claim of plaintiff that Charles A. Warren, A. E. Buckman, and plaintiff entered into and formed a partnership for the purpose of bidding upon and securing certain contracts, among which was one from the United States government relating to what is known as the Truckee-Carson project of Nevada, a scheme for the diversion and conveyance of water from the Truckee River in the state of Nevada to the irrigable lands in the Truckee and Carson Valleys, situate in that state. After alleging the creation of the partnership and its purposes, the complaint proceeds to set forth the facts in connection with the submission of bids and of the securing of the contracts desired. It then recites the performance of the work at a substantial loss, and the fact that no accounting between the parties was ever had. At the trial it was shown that the plaintiff and his associate and assignor were for many years engaged in business as contractors and that they did an extensive business. It was further shown that Charles A. Warren, now deceased, was engaged in the same business. The parties generally acted independently of each other, but occasionally they took contracts as a joint ad-

venture after the manner of partners. Early in 1903 Warren concluded that it would be a more business-like way in proceeding in their joint adventures to form a corporation for that purpose. Accordingly, one was formed under the name of C. A. Warren & Company, in which each of the parties held one-third of the stock. Shortly after this arrangement was made the United States government solicited bids for certain irrigation work known as "The Truckee-Carson Project." The newly formed corporation bid on this work. One of its bids was accepted, and a contract was entered into by it with the government. Shortly thereafter, and before much work was done, Warren, for certain reasons, desired to be relieved from the responsibilities connected therewith, and a contract was entered into by him with plaintiff and Buckman with that end in view. This agreement was destroyed in the fire of 1906, and its terms are disputed by the parties. Plaintiff claimed that it provided that since Warren was unable to take the active interest in the work that the importance of the project required, he should be allowed to withdraw from an active participation in connection therewith, and should have as his share of the profits twelve thousand five hundred dollars, to be paid out of the last sums received from the government on the contracts, but that no modification in relation to any losses that the parties might sustain was ever had. Defendants, on the other hand, contended that the agreement expressly exonerated Warren from the duty of making contribution in the event that the parties sustained a loss on their contract. At the time this agreement was made there existed another corporation known as the San Francisco Construction Company, of which Raisch and Buckman owned virtually all the stock, and in which Warren had no interest as partner, stockholder, or otherwise. In consideration of the twelve thousand five hundred dollars provided for in the agreement to be paid to Warren the contract of the Charles A. Warren Company was assigned to the San Francisco Construction Company. Thereafter this latter company furnished its own credit and all money necessary for a full performance of the contract, and received all payments due thereunder, and carried on all the accounts of the transaction on its own books. Later it entered into two other contracts connected with the same project in its own name. The facts further show that after receiving the assignment of the original contract plain-

tiff, on behalf of the company to whom the assignment was made, arranged with the Anglo-California Bank to finance this company. Notes executed by this corporation were given to the bank, and certain collateral owned by plaintiff and Buckman was hypothecated as security for their payment. Advances up to half a million dollars were arranged for, and eventually over four hundred thousand dollars was actually paid out by the bank on account thereof. Warren never contributed any money to the enterprise, or joined in the execution of any of the notes of the company. The money so borrowed was placed to the credit of the San Francisco Construction Company and was checked out by it. There is also evidence in the record showing that plaintiff had made statements that Warren had no interest in the contracts and was not liable for any of the losses. Under these and other circumstances the trial court was fully justified, as it did, in finding that no partnership existed between the parties, but that the contract was one performed by the San Francisco Construction Company for its own benefit, in which Charles A. Warren had no interest, either as partner, stockholder, or otherwise.

In addition thereto there is ample evidence to show that the agreement entered into between the parties, and heretofore referred to, did by its terms release Warren from all liability under the contract. It is true that upon the questions presented there was a conflict of testimony. This, however, was a matter for the determination of the trial court.

From what we have said, it follows that the judgment appealed from should be affirmed, and it is so ordered.

Lennon, P. J., and Beasly, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 17, 1919.

All the Justices concurred.